Michael A. Thurman
CA Bar No.:123303
THURMAN LEGAL
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
(626) 399-6205 (Direct)
(626) 380-4880 (Facsimile)
michael@thurman-legal.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER L. REED, II, <br><br> Plaintiff, <br><br> vs. <br><br> ALLEVIATE FINANCIAL SOLUTIONS, LLC, <br><br> Defendant. | Case No.: 8:23-cv-01159 <br><br> The Honorable David O. Carter <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION** <br><br> <u>Hearing:</u> <br><br> Date: October 30, 2023 <br> Time: 8:30 am <br> Place: Courtroom 10A <br><br> Action Filed: June 29, 2023 |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT on October 30, 2023 at 8:30 am, or as soon thereafter as the matter may be heard in Courtroom 10A of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant Alleviate Financial Solutions, LLC

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION**
-1-

("AFS") will, and hereby does, move the Court for an order to compel individual arbitration of the claims of Plaintiff Roger L. Reed, II, and stay this action pending the completion of the arbitration proceedings, and award Defendant its reasonable attorney's fees for having to compel arbitration. This Motion is made pursuant to the Federal Arbitration Act, 9 USC §§ 1-16 (the "FAA"), specifically 9 USC §3, calling for a stay of court proceedings when the issues therein are referrable to arbitration, and 9 USC §4, providing for the Court to issue an order directing the parties to arbitrate in accordance with the terms of their agreements. In the instant matter, Plaintiff initially agreed to arbitrate any claim or dispute when he entered into a Service Agreement with Defendant on November 10, 2022. However, on September 7, 2023, Plaintiff's counsel advised Defendant that Plaintiff was not amenable to arbitrating the subject dispute and a Motion would need to be brought before the Court.

Pursuant to Local Rule 7-3, this Motion is made following conferences of counsel related to the subject of this Motion, from July 5 through September 6, 2023.

This Motion is made on the grounds that at all times material to Plaintiff's action, a valid and enforceable agreement to arbitrate any claim or dispute between the parties to this action exists that encompasses all claims brought by Plaintiff against Defendant in this action and pursuant to the FAA, Plaintiff must arbitrate his claims as required by the arbitration agreement, and that the instant action should be stayed pending the completion of the arbitration. This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Alana Camp, the Declaration of Anthony G. Franqui, and all pleadings and papers in the Court's file, the record and files herein, and upon such oral argument as may be made

at the hearing on the Motion and such other evidence as may be admitted at the time of the hearing on the instant Motion and as may be presented to the Court.

Dated: September 8, 2023

THURMAN LEGAL

By: *[signature]*

Michael A. Thurman
CA Bar No.:123303
THURMAN LEGAL
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
michael@thurmanlegal.com
(626) 399-6205 (Direct)
(626) 380-4880 (Facsimile)

Attorney for Defendant

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Pursuant to the terms of the arbitration agreement between the parties to this action, Defendant Alleviate Financial Solutions, LLC ("Alleviate" or "Defendant") requests the Court to compel this dispute to arbitration, stay this action pending the completion of arbitration proceedings and order Plaintiff to pay Defendant's reasonable attorney's fees incurred as a result of being required to bring this motion. Defendant seeks to compel Plaintiff to arbitrate the claims pursuant to the Federal Arbitration Act, 9 USC §§ 1-16 (the "FAA"), specifically 9 USC §3, calling for a stay of court proceedings when the issues therein are referrable to arbitration, and 9 USC §4, providing for the Court to issue an order directing the parties to arbitrate in accordance with the terms of their agreements and award Defendant its reasonable attorney's fees for having to compel arbitration.[1]

### Summary of Facts

On or about November 10, 2022, Plaintiff entered into a contract for services (the "Service Agreement") with Defendant. *See Compl. ¶13.* The Service

---

[1] This Motion satisfies Defendant's obligation to respond to the Complaint (Dkt. No. 1) at this stage. *See Ellison Framing, Inc. v Zurich, American Ins. Co.,* 805 F. Supp2d 1006, 1012-13, (9th Cir. 2011) (the court employs its discretion to permit defendant to file its motion for a stay and compel arbitration in lieu of an answer). *See also, Lamkin v. Morinda Props. Weight Parcel, LLC,* 440 F. App'x 604, 608 (10th Cir. 2011) (holding that parties moving to compel arbitration in response to a complaint need not file an answer or assert potential defenses because such a requirement, which would undercut the "right not to litigate," "is a non-sequitur" (emphasis in original)); *JS Barkats PLLC v. BE, Inc.*, No. 12 Civ. 6779(JFK), 2013 WL 444919, at *2 (S.D.N.Y. Feb. 6, 2013) (noting in a case in which the defendants filed motion to stay proceedings and compel arbitration that "parties are permitted to file motions to stay in lieu of an answer or other dispositive motions"). Defendant reserves the right to file a Rule 12(b) motion on all applicable grounds at a later time. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (holding that a prior motion to dismiss or stay did not bar a later Rule 12(b) motion).

Agreement between the parties contains an arbitration provision wherein the parties agreed to arbitrate any claim or dispute between them. *See Exhibit "A" to the Declaration of Alana Camp, p. 8.* The agreement to arbitrate states in relevant part,

> In the event of any claim or dispute between Client and AFS related to this Agreement or related to any performance of any services related to this Agreement, the claim or dispute shall be submitted to binding arbitration upon the request of either party upon the service of that request to the other party.
> …
> In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

*Id.*

**Legal Standard**

The Federal Arbitration Act ("FAA") provides that contractual arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.

In deciding whether to compel arbitration, a court's inquiry is generally limited to "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[I]n deciding whether the parties have agreed to submit

**MOTION TO COMPEL ARBITRATION AND STAY ACTION**

a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

The Supreme Court has repeatedly interpreted the FAA as reflecting "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."). The United States Supreme Court has made clear that arbitration agreements governed by the FAA must be enforced as written. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018) ("The policy may be debatable but the law is clear: Congress has instructed that arbitration agreements like those before us must be enforced as written."). Further, it is well settled that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce. *See e.g., Allied- Bruce TerminixCos., Inc. v. Dobson*, 513 U.S. 265, 277, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967)[2].

---

[2] Here, there is no question that the FAA applies because the underlying dispute at issue is between Plaintiff, a resident of Arkansas (Compl., ¶ 4), and Alleviate Financial Solutions, LLC, a debt resolution provider in Irvine, California. (Compl., ¶ 5).

**MOTION TO COMPEL ARBITRATION AND STAY ACTION**
-3-

Under the FAA, arbitration must be compelled where, as in this case: (1) a valid, enforceable agreement to arbitrate exists; and (2) the claims at issue fall within the scope of that agreement. See *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue, a burden that cannot be met by Plaintiff on the facts stated herein. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000). Parties may, however, contemplate enforcement of their arbitration agreement under state law (also referred to as arbitration law) (see *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 590 (2008); *E-Z Cash Advance, Inc. v. Harris*, 60 S.W.3d 436, 438-39 (Ark. 2001)).

While the Services Agreement is silent as to which state law may apply, both Arkansas and California state law favor arbitration. The Arkansas Uniform Arbitration Act (AUAA), codified at Arkansas Code Annotated §§ 16-108-201 to 16-108-233, governs arbitration in Arkansas, including motions to stay or compel arbitration. In Arkansas, public policy strongly favors the enforcement of arbitration agreements, whether under the FAA or the AUAA (see *Reg'l Care of Jacksonville, LLC v. Henry*, 444 S.W.3d 356, 360 (Ark. 2014); *BDO Seidman, LLP v. SSW Holding Co.*, 386 S.W.3d 361, 368 (Ark. 2012)). The court must resolve doubts about arbitrability in favor of arbitration (see *Courtyard Gardens Health & Rehab., LLC v. Arnold*, 485 S.W.3d 669, 674 (Ark. 2016)).

California law similarly reflects a strong policy in favor of arbitration. *Lewis v. Fletcher Jones Motor Cars, Inc.*, 205 Cal. App. 4th 436, 443 (2012). To further that policy, California Code of Civil Procedure section 1281.4 requires the court to stay court proceedings subject to arbitration until the arbitration is complete. CCP §§ 1281.2, 1281.4.

Under section 1281.2 of the Code of Civil Procedure, a court "shall" order

parties to arbitrate if it "determines that an agreement to arbitrate exists, unless it finds that (a) the right to compel arbitration has been waived by the moving party, (b) grounds exist for revocation of the agreement, or (c) a party to the arbitration is also a party to a pending court action with a third party arising out of the same transaction." *Sargon Enterprises, 2 Inc. v. Browne George Ross LLP*, 15 Cal. App. 5th 749, 762 (2017). A party seeking to compel arbitration meets its burden by "proving the existence of a valid arbitration agreement by the preponderance of the evidence" *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 5 972 (1997); *see also Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal. App. 4th 50, 59 (2013). The inquiry concludes upon the demonstration of the *existence* of an arbitration agreement; questions of the agreement's scope "are for the arbitrators and not for the court to resolve." *Felner v. Meritplan Ins. Co.*, 6 Cal. App. 3d 540, 543 (1970). Thus, a "court should order [the parties] to arbitrate unless it is clear that the arbitration clause cannot be interpreted to cover the dispute." *United Transportation Union v. So. Cal. Rapid Transit Dist.*, 7 Cal. App. 4th 804, 808 (1992).

Once that initial burden is met, the burden shifts to the party opposing arbitration, who must establish one of the limited statutory exceptions to arbitrability in sections 1281.2(a)-(d). *See Engalla*, 15 Cal. 4th at 972.

**Argument**

As evidenced by Plaintiff's Complaint, a controversy has arisen regarding services Defendant agreed to perform for Plaintiff. Complaint, D.E. 1. The claims and allegations raised by Plaintiff in its Complaint are all subject to the arbitration provision contained in the Services Agreement at page 8 attached to as Exhibit "A" to the Declaration of Alana Camp. Specifically, the parties agreed that "*any* claim or dispute between Client [Roger Reed, II] and AFS *related to this Agreement or related to any performance of any services related* to this Agreement. [emphasis

-5-
**MOTION TO COMPEL ARBITRATION AND STAY ACTION**

added]." Plaintiff's claims raised in the instant suit are thus subject to the arbitration agreement. Defendant has not waived its right to compel arbitration, and does not know of any ground that would permit the revocation of the agreement. Moreover, Plaintiff has not provided just cause for his refusal to arbitrate his dispute, despite having (twice) previously agreed to do so. Accordingly, and under the clear and express language of the arbitration provision contained within the Services Agreement, Defendant is entitled to its reasonable attorney's fees and costs for having to compel arbitration.

### Conclusion

For the foregoing reasons, and pursuant to the authority cited herein, and the arbitration provision contained within the Services Agreement, Defendant Alleviate Financial Solutions, LLC respectfully requests that this Honorable Court enter an Order compelling the Plaintiff to submit its claims to arbitration and stay the instant litigation for the duration of said arbitration proceeding, and award Defendant its reasonable attorney's fees for having to compel arbitration.

Dated: September 8, 2023

Respectfully Submitted,

THURMAN LEGAL

By: _____

Michael A. Thurman
CA Bar No.:123303
THURMAN LEGAL
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
michael@thurman-legal.com
(626) 399-6205 (Direct)
(626) 380-4880 (Facsimile)
Attorney for Defendant

**MOTION TO COMPEL ARBITRATION AND STAY ACTION**

## CERTIFICATE OF SERVICE

| | |
|---|---|
| Pursuant to FRCP 5(b) and L.R. 5.3.2, I certify that I filed the foregoing with the Clerk of Court via the Court CM/ECF system, which will send notification of such filing to all filing users. Dated: September 8, 2023 | THURMAN LEGAL<br>By: *[signature]*<br>Michael A. Thurman<br>CA Bar No.:123303<br>THURMAN LEGAL<br>1055 East Colorado Blvd., 5th Floor<br>Pasadena, CA 91106<br>michael@thurman-legal.com<br>(626) 399-6205 (Direct)<br>(626) 380-4880 (Facsimile)<br>Attorney for Defendant |

**MOTION TO COMPEL ARBITRATION AND STAY ACTION**

-7-